ALFRED L. MILLARD v. ROBERT JORDAN.

*Attorney and client—Agreement as to compensation—Compromise of claim.*

1. Under the agreement set forth in the opinion, the defendant could not compromise and settle the suit mentioned therein so as to deprive plaintiff of his agreed compensation.

2. Under said contract, the parties agreed upon the money value of the services of the plaintiff in case defendant refused to carry out his agreement, and the jury should have been instructed that in such event the plaintiff would be entitled to recover said sum as damages under the contract.

Error to Lenawee. (Lane, J.) Argued June 12, 1889. Decided July 11, 1889.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*A. L. Millard,* in *pro. per.,* for appellant.

*Watts & Smith,* for defendant.

CHAMPLIN, J. In 1874 the defendant was occupying 80 acres of land in Fairfield, Lenawee county, claiming title under a tax deed from the Auditor General of the State of Michigan.

Julia R. Cutler claimed to own the land in fee through a chain of title from the United States, and in the year 1874 brought ejectment against Jordan in the circuit court for the county of Lenawee. Jordan then employed Millard, the plaintiff in this case, to defend the action. Millard interposed the plea of the general issue, and the case remained in that state until the spring of 1882; Jordan in the meantime having paid Millard $20 to apply on his fees.

At this time the parties entered into a written agreement as follows:

"Article of agreement made this sixteenth day of March, A. D. 1882, between Robert Jordan, of Fairfield, of one part, and Alfred L. Millard, attorney at law, of the city of Adrian, of the other part, as follows:

"A suit having been commenced by Julia R. Cutler as plaintiff against the said Robert Jordan, defendant, and being now pending in the circuit court for the county of Lenawee, in ejectment for the east half of the south-west quarter of section 24, in township 8 south of range 3 east, containing 80 acres, more or less, which suit has been and is being defended by said Millard as attorney for said Jordan. Now it is hereby agreed, by and between the said parties hereto, that the said Millard is to continue the defense of said suit at his discretion, and to act as attorney for said Jordan in said court, and also in such other court, if any, as the same may be removed to by writ of error or otherwise, and to defend or prosecute the same as such attorney, at his own expense, except as herein provided.

"Said Millard is to receive for his services and disbursements a deed from said Robert Jordan and his wife for an equal, undivided half of the said land, which said Robert agrees to execute, acknowledge, and deliver, and procure to be executed, acknowledged, and delivered by his said wife, conveying all their, and each of their, right, title, and interest therein, whenever required by the said Millard after a judgment shall be rendered in said suit, or the same shall be otherwise terminated; but he is not to be entitled to any other compensation (except such attorney's fees as may be recovered of the other party to the suit), provided such deed shall be given as aforesaid.

"The said Robert shall be at the expense of procuring the

witnesses that may be required on the trial or trials of said suit.

" The said Millard shall be at liberty, in his discretion, to remove the judgment in said circuit court into the Supreme Court as the attorney of said Jordan, after judgment in the said circuit court, on the terms above and herein mentioned.

" The said Millard is not to be responsible for any judgment that may rendered against said Jordan in said cause, if any shall be so rendered.

" The said Millard agrees to sell and release his interest in said land to said Jordan for the sum of $300, at any time within 90 days after he shall have received such deed from said Jordan, as aforesaid, or after he shall be entitled to such deed from said Jordan, as aforesaid; and the said Jordan agrees to purchase and pay him $300 for the same upon the request of said Millard. Or, instead of executing such deed, said Jordan may pay the said Millard $300 for his services and disbursements herein, and then he shall not be required to execute such deed. Or said Millard, instead of litigating the said matter, may in his discretion, and is hereby authorized to, settle, compound, or compromise with the said plaintiff in relation to said suit and said land, and the claim of the respective parties thereto, and on such terms as to said Millard shall seem best, and may, in his discretion, compromise by a division of said premises with the said plaintiff; and said Robert agrees to make and execute, and to procure to be made and executed by his wife, all necessary and proper deeds, releases, conveyances, or other instruments to carry out and effectuate any such settlement or compromise as may be so made or agreed on by said Millard and said plaintiff.

" And said Millard is to have for his compensation one-half of whatever may be realized from said premises or from said Julia R. Cutler for a release thereof; the said Robert and said Alfred to share equally in the land first mentioned, or such part thereof as may be held by said Robert by the decision or determination of said litigation, or by agreement and compromise with said plaintiff, and in any sum that may be recovered or received by or awarded to said Robert for improvements on the premises in suit; and said Robert will at any time, on request, make, execute, sign, acknowledge, and deliver to said Alfred any and all necessary and proper deeds, releases, assignments, or other instruments in writing to carry out and effectuate this agreement; but said Robert is not to be holden to pay anything to said Alfred for such services or disbursements, except as herein provided.

"In witness whereof the said parties have hereunto set their hands and seals the day and year above written.

         "ROBERT JORDAN.  [L. S.]
         "A. L. MILLARD.   [L. S.]"

The defendant having commenced the cutting of timber upon the premises, the plaintiff in the ejectment suit filed a bill to restrain such action. Mr. Millard interposed a demurrer, and the injunction was dissolved. An amended bill was filed and another injunction issued, which was sustained by the court.

In 1884, Jordan, without the knowledge or consent of Millard, purchased the interest of Mrs. Cutler in the land for $2,400, and refused to carry out his contract with Millard, claiming that Millard neglected to bring his case to trial, that his hands were tied so he dare not make any improvements upon the premises, and that he had frequently urged Mr. Millard to bring the case to trial, and that he put him off, saying to him that he had possession and was all right.

There is no evidence in the case that he rescinded the contract, or notified Mr. Millard that he had done so, or of any intention of doing so. It is not claimed that he was induced to enter into the contract by fraud or deception, and it is not perceived upon what ground it was open to him to rescind the contract. Millard had not renounced the contract, nor repudiated its binding obligation upon him. He was not prosecuting the suit, and threw no obstacles in the way of its being prosecuted by the plaintiff. He was acting on the defensive, and the defense was placed in his discretion.

Each of the 15 requests of the plaintiff to instruct the jury was refused. After charging the jury that the contract was valid, and one which the parties had a right to make, and explaining the terms of the contract, the court instructed the jury upon the question of damages as follows:

"You are instructed that if you find Mr. Millard was conducting this litigation under the terms of the contract, and that while so doing Mr. Jordan made this arrangement of compromise between himself and Mrs. Cutler, then Mr. Millard would be entitled to one-half of what was realized by this compromise between Mr. Jordan and Mrs. Cutler. In determining what that amount is, you are to take into consideration what Mr. Jordan paid to Mrs. Cutler, and the value of the lands as they stood at the time when that arrangement was made, and that would include all that was upon the premises at that time by way of fixtures.

"I think there is some testimony here as to some improvements having been put on by Mr. Jordan. The court instructs you that in determining the rights of Mr. Millard here, or the rights of these parties, if you get that far, you will award to Mr. Millard, if you find that he was rendering those services and performing his part of the contract, one-half the difference between the value of the premises at the time when Mr. Jordan made the arrangement with Mrs. Cutler and the amount which he paid Mrs. Cutler."

If it be conceded that Mr. Jordan had the right to compromise and settle the suit notwithstanding the authority conferred upon Mr. Millard to do so, yet he could not by so doing deprive him of the agreed compensation. *Kersey v. Garton*, 77 Mo. 645; *Christie v. Sawyer*, 44 N. H. 298.

The contract is peculiar. We think, however, that the parties agreed upon the money value of what those services should be in case Jordan should refuse to execute a deed of an undivided half of the premises,—namely, $300; and the jury should have been instructed that, if Mr. Millard was prevented from performing his contract by the act of Mr. Jordan, he would be entitled to recover as damages, under the terms of the contract, the sum of $300.

It follows that the judgment must be reversed, and a new trial granted.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J. did not sit.