# Hall, *et al., v.* Gunter & Gunter.

*Motion for Summary Judgment Against Attorney.*

(Decided June 18, 1908. Rehearing denied July 3, 1908. 47 South. 155.)

1. *Contracts; Part Performance; Quantum Meruit.*—Where the contract fixes the compensation, and a part of the work has been performed, by a person employed, and the employer either discharges the employe, or takes such action as makes it impossible for the employe to perform the remaining part of the contract, the employe may recover on quantum meruit for services rendered under the contract, though he may not recover on the contract.

2. *Work and Labor; Implied Agreements as to Compensation.*—Parties to a contract of employment may agree to modify the contract, and in the absence of any agreement as to compensation, the law implies an agreement to pay for what work is done.

3. *Attorney and Client; Compensation; Evidence.*—Where the client compromised certain claims and there was evidence tending to show that the attorney distinctly reserved the right to full compensation according to an agreement relating thereto if the client compromised the cases, and it was admitted that the services rendered by the attorney were worth the full amount claimed, it cannot be said that the court's finding giving the attorney judgment for the full amount claimed was contrary to the evidence, although it was not shown that the compromise was made by the client in opposition to the advise of the attorney.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Motion for summary judgment by J. L. Hall and L. B. Farley, as trustees, against Gunter & Gunter for money collected by them as attorneys and deposited in the court to await a determination by the court as to who was entitled thereto. From a judgment overruling the motion, the movers appeal. Affirmed.

The contract made an exhibit to the petition is as follows: "This agreement, entered into this the 15th day of July, 1902, by and between J. L. Hall and L. B. Farley, trustees, parties of the first part, and W. A. Gunter and Gaston Gunter, partners under the name of Gunter & Gunter, parties of the second part, witnesseth: (1) That the parties of the first part have advanced to the parties of the second part the sum of $2,200, which is in part of the fee of $10,000 to be paid to the parties of the second part as hereinafter stipulated. (2) This sum so advanced the parties of the second part are to have until the end of this suit of *Hall and Farley, Trustees, v. Alabama Terminal & Improvement Company and Others*, now pending in the court of chancery in Montgomery, Alabama, and of any other litigation for the collection of debt in said suit mentioned as due said Hall and Farley, trustes, by the Alabama Terminal & Improvement Company, and are to pay no interest thereon; but the said debt is to be discharged by the fees of the said Gunter in said litigation as the same are realized. (3) At the end of said suit the said parties of the secont part are to have out of the collection, and not otherwise, as fees, the sum of $10,000, including as part of the same the sum so advanced. As collections are made, 10 per cent. thereof shall be appropriated to said fees and credited on the sum so advanced until the same is discharged. As to the amount of said fee above 10 per cent. of the collection said parties of the second part agree in one that the same shall be allowed as a

[Hall, et al. v. Gunter & Gunter.]

fair and reasonable credit to the said parties of the first part for expenses for counsel fees in collecting said debt in any accounting with the Alabama Terminal & Improvement Company. (4) In the event of the failure of said suit and of the collection of the debt of said parties of the first part to an amount sufficient to pay the said money so advanced by appropriating 10 per cent. thereof as a credit thereon, then any deficiency therein the said parties of the second part are to make good to said parties of the first part, and to secure this engagement and stipulation, Gaston Gunter, one of the parties of the second part, has executed his mortgage of even date herewith on his library and office furniture to the said parties of the first part. (5) In consideration of the foregoing, the parties of the second part agree to devote all necessary time and attention as attorneys to bringing said litigation to a successful termination without other or further fees. It is understood that so much of said fee as execeeds 10 per cent. of collections is payable only out of collections in excess of the debt of Hall and Farley; that is, they are to be paid the full amount of their debt first, and this fee is in the nature of an expense to Hall and Farley in the collection of collaterals." This contract was signed in duplicate by all the parties thereto. The facts necessary to an understanding of the opinion are sufficiently stated therein.

STEINER, CRUM & WEIL, J. M. CHILTON, and HORACE STRINGFELLOW, for appellant.

GUNTER & GUNTER, pro se.

SIMPSON, J.—This is an appeal from the judgment of the court on a motion for summary judgment against the appellees; the money in dispute being deposited in

court. The appellees were employed by appellants as attorneys in certain cases, and entered into the written agreement which is copied in the statement of this case. After a litigation which extended over 13 years, and after the case had been in the Supreme Court three times, a suggestion was made by the appellees to the attorney for the other parties that they had better make a proposition for compromise. There is some difference of recollection between the appellees and counsel for the opposite parties as to just what Mr. Gunter said his clients would be willing to take in compromise. However, a proposition was made by opposing counsel, he agreeing to recommend it to his clients, and Mr. Gunter agreeing to recommend its acceptance to his clients; and he states that he presented the matter to his clients, and told them that it was a matter for them to determine, and that if they thought it a good business venture he would recommend their acceptance. But his clients thought one of the parties should pay $5,000 more than the proposition was for him to pay. Consequently this proposition was rejected; but the clients of appellees continued the negotiations, and finally agreed on a compromise by which they received $2,500 more than was first proposed—the whole amount received by them being $47,500. Mr. Gunter testifies that at the time of his presenting the first proposition of compromise he told his clients that he did not propose to lose a dollar of his fee; and his client states that he replied: "Yes, you will; because we have a contract with you." Subsequently they had other conversations about the fee, and it was finally agreed that said Gunters should retain $4,750, being 10 per centum on the collection, and should deposit $5,250 in court, subject to the decision of the court.

[Hall, et al. v. Gunter & Gunter.]

No question is raised as to the validity of the contract between attorney and client, but the same is treated by both parties as a valid and binding agreement. It is true, as contended by appellees, that it is a principle of law that if A. employs B. to do a certain work for a fixed compensation, and after the service has in part performed A. either discharges B. or takes such action as to render it impossible for B. to perform the remaining part of the service, while B. cannot recover on the contract, yet he may recover on a quantum meruit for the services which have been rendered under the contract. 2 Parsons on Contracts (9th Ed.) p. 678, *523; 7 Am. & Eng. Ency. Law (2d Ed.) 151, 152; *Worthington v. McGarry,* 149 Ala. 251, 42 South. 989, 990. This principle has been applied to the relation of attorney and client.—*Webb v. Trescony,* 76 Cal. 621, 18 Pac. 796; *Alcorn v. Butler,* 9 Tex. 56; *Majors v. Hickman,* B Bibb (Ky.) 217; *Town of Mt. Vernon v. Patton,* 94 Ill. 65; *Brodie v. Watkins,* 33 Ark. 545, 34 Am. Rep. 49; *Western U. Tel. Co. v. Semmes & Clark,* 73 Md. 9, 20 Atl. 127; *Carey v. Guent,* 59 Barb. (N. Y.) 574; *Quint & Hardy v. Ophir Silver Mining Co.,* 4 Nev. 304; *Hill v. Cunningham,* 25 Tex. 25; *Millard v. Jordan,* 76 Mich 131, 42 N. W. 1085; *French v. Cunningham,* 149 Ind. 632, 49 N. E. 797.

Some of the cases hold that the attorney is entitled to recover the full amount according to contract, while others hold that he can recover only on a quantum meruit what his services are shown to be worth, and that in estimating the compensation it is proper to look to the contract for a measure. It is also axiomatic that the parties themselves may agree to a modification of the contract, and if there is no such agreement about compensation the law will imply an agreement to pay for what work is done. 15 Am. & Eng. Ency. Law (2d

Ed.) p. 1092. While in the present case it is not shown that the compromise was made by the client in opposition to the advise of his attorney, yet there was evidence tending to show that the attorney distinctly reserved his right to full compensation if the client did compromise the case. It is admitted that the services rendered by the attorney were worth the amount claimed, and, giving to the judgment of the court the force and effect of a verdict of a jury, we connot say that this finding was contrary to the evidence.

The Judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.