(114 So. 12)

## LANTHRIP v. IVEY. (6 Div. 165.)

Court of Appeals of Alabama. Aug. 2, 1927.

Rehearing Denied Oct. 4, 1927.

G. B. Hubbard, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J. It appears from the facts disclosed by the record in this case that Lanthrip, appellant, employed Mr. Ivey, appellee, as his attorney to collect a certain claim against the Birmingham Motor Company, and that he agreed to pay his attorney one-half of the amount collected as an attorney's fee

for the services to be rendered by the attorney in said cause.

The attorney, after making numerous written and personal demands upon the Birmingham Motor Company for the payment of his client's claim, brought suit against said motor company in behalf of his client on July 29, 1924, in the circuit court of the Tenth judicial circuit of Alabama, for the collection of said claim, and notified his client that suit had been brought. The case was first set for trial on January 20, 1925, at 9:30 a. m. On December 31, 1924, the attorney wrote his client, notifying him of the day set for the trial of said case and requesting client to furnish the names of witnesses to be summoned, with the advice that it would be necessary for client and witnesses to be present in court on the day set for the trial of said case. The attorney received no reply to the above and subsequent letters addressed to client at the given address of client, and therefore consented to a continuance of the case. The case was again set for trial on the 28th day of April, 1926, and again the attorney made repeated efforts to secure the attendance of his client and witnesses in court on the day set for the trial of said case. The attorney went so far as to make a trip to Attalla in an effort to locate his client, and from the facts disclosed by the record took extraordinary means to have his client attend the trial. The attorney heard nothing from his client, and so, in order to prevent a dismissal of the case, he settled the same by taking a consent judgment for $150, which was paid to him by said motor company on April 28, 1926.

It appears from the testimony of Lanthrip that while this litigation was pending he (Lanthrip) was doing business with the Drennen Motorcar Company, successor to the Birmingham Motor Company, and while talking to one of the servants or employees of the Drennen Motor Company he learned that his case against the Birmingham Motor Company had been settled a week or ten days before. Lanthrip immediately made demand on Ivey for one-half of the amount collected by Ivey, which Ivey refused to pay, and thereupon Lanthrip filed his motion in the circuit court of Jefferson county, Ala., for a summary judgment against Ivey for one-half of the amount collected by Ivey. The attorney answered the motion, averring in substance, among other things, that the client, after the attorney had in part performed the services covered by the contract, took such action as to render it impossible for the attorney to perform the remaining part of the service, and that the attorney was entitled to retain the full $150 collected by him as the fair value of the services rendered by the attorney under the contract.

The motion and evidence were heard and considered by the learned judge of the court below, and after a due consideration thereof the judgment of the lower court was entered overruling and denying the motion for summary judgment against the attorney, and from that judgment Lanthrip prosecutes his appeal to this court.

After a due consideration of the evidence as disclosed by the record before us, we think the following propositions were established: (1) Lanthrip employed Ivey to collect a claim or demand against Birmingham Motor Company and agreed to pay the attorney one-half of the amount collected as an attorney's fee. (2) Ivey, the attorney, performed in part the services he agreed to render under the contract of employment and was prevented from performing the remainder of the service by the nonaction, want of attention, and indifference of Lanthrip to the prosecution of the suit. (3) The services rendered by the attorney in part performance of the contract were reasonably worth $150.

The judgment of the lower court must be affirmed. Hall et al. v. Gunter & Gunter, 157 Ala. 375. 47 So. 155.

Affirmed.