PER CURIAM.
Billy Kenneth Benson hired Goldberg & Associates, P.C., a law firm, to represent him in a workers’ compensation action against his employer, The Employment Company, Inc.
On February 15, 1999, Benson sent a letter to Goldberg & Associates notifying that firm that he was terminating its representation of him and that he wanted his file forwarded to attorney Cathy B. Dono-hoe. Until February 1999, Donohoe had been employed as an attorney for Goldberg & Associates. On February 16, 1999, Goldberg & Associates, supposedly on behalf of Benson, filed a complaint seeking workers’ compensation benefits. On March 12, 1999, Donohoe filed a notice of appearance in the workers’ compensation action.
On May 24, 1999, the trial court entered an order incorporating a settlement reached by the parties to Benson’s work *145 ers’ compensation action. That same day, Goldberg & Associates filed a complaint seeking to intervene in the workers’ compensation action and also seeking to obtain a quantum meruit lien on the attorney fee awarded in that action.
On December 16, 1999, the trial court entered a judgment finding that Goldberg & Associates was not entitled to any part of the attorney fee from Benson’s workers’ compensation action. Goldberg & Associates filed a postjudgment motion; the trial court denied that motion. Goldberg & Associates appealed.
After Goldberg & Associates moved to intervene, the court granted its motion and allowed the parties to submit briefs regarding the claim of Goldberg & Associates to a portion of the attorney fee. Because the trial court did not receive any ore tenus evidence, this court must review the evidence de novo, without any presumption of correctness. Eubanks v. Hale, 752 So.2d 1113 (Ala.1999).
Goldberg & Associates argues that the trial court erred in failing to apply § 34-3-61, Ala.Code 1975, to the facts of this case. That section provides in part:
“(a) Attorneys-at-law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.
“(b) Upon actions and judgments for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said action or judgment, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.”
§ 34-3-61(a) and (b), Ala.Code 1975.
It is undisputed that Goldberg & Associates represented Benson in his attempts to recover workers’ compensation benefits. The record indicates that Goldberg & Associates had represented Benson since October 1996 and had assisted him in obtaining temporary-total-disability benefits. Benson terminated its representation of him on February 15, 1999. Goldberg & Associates claimed to have expended a total of 30.75 hours on behalf of Benson. In her brief submitted to the trial court, Do-nohoe argued that that figure was inflated.
The Alabama Supreme Court has written:
“This court has held that the purpose of the attorney’s lien statute, § 34r-3-61, [Ala.Code 1975], is to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client. Carnes v. Shores, 55 Ala.App. 608, 610-11, 318 So.2d 305, 307 (1975). The protection afforded by the statute is not limited to attorneys of record at the time of settlement or when judgment is rendered.
“... [In] Gaines, Gaines & Gaines, P.C. v. Hare, Wynn, Newell & Newton, 554 So.2d 445 (Ala.Civ.App.1989), ... a discharged firm sought to enforce a previous fee agreement and to establish an attorney’s lien on any amount recovered. The trial court held that the discharged firm was entitled to a fee recovery based on the theory of quantum meruit for the reasonable value of services it had rendered. The Court of Civil Appeals affirmed.
“It is well established in Alabama that upon an attorney’s discharge, the prior part performance of a contract entitles the attorney to recover for those services rendered. As the Court of Civil Appeals pointed out in Gaines:
“ ‘ “The rule in Alabama is that an attorney dischax-ged without cause, or otherwise prevented from full performance, is entitled to be reasonably compensated only for services rendered before such discharge. Hall v. *146 Gunter, 157 Ala. 375, 47 So. 155 [(1908)]. This appears to be the prevailing rule where the contract, as here, called for a contingent fee. 6 C.J. p. 724, § 293.” Owens v. Bolt, 218 Ala. 344, 348, 118 So. 590 (1928).’
“554 So.2d at 448.”
Triplett v. Elliott, 590 So.2d 908, 910 (Ala.1991).
Thus, the law is clear that an attorney may obtain a lien for the reasonable value of services rendered, on the theory of quantum meruit. We conclude that the trial court erred in failing to award some portion of the attorney fee in Benson’s workers’ compensation action to his former attorneys, Goldberg & Associates. We reverse the judgment and remand this action for the trial court to determine the amount of the attorney fee that should be awarded to Goldberg & Associates.
We note that Donohoe argues in her brief on appeal that the trial court erred in allowing Goldberg & Associates to intervene in the workers’ compensation action. Donohoe did not cross-appeal to raise this issue on appeal. In McMillan, Ltd. v. Warrior Drilling & Engineering Co., 512 So.2d 14 (Ala.1986), our supreme court limited the necessity of taking a cross-appeal when an appellee is simply seeking to preserve his or her rights under a favorable judgment. 512 So.2d at 25 (adopting the language of Justice Brandeis in United States v. American Railway Express Co., 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924)). Nevertheless, in this case, a cross-appeal was necessary to challenge the trial court’s order allowing Goldberg & Associates to intervene. See United States v. Security State Bank & Trust, 473 F.2d 638, 643 n. 4 (5th cir.1973) (refusing to consider appellee’s objection to grant of intervention where appellee did not preserve that issue by cross-appealing). Donohoe did not appeal from the trial court’s ruling allowing Goldberg & Associates to intervene. Therefore, this court may not consider that issue.
REVERSED AND REMANDED.
All the judges concur.