## ESTATE OF W. H. BROWN, DECEASED.

APPEAL BY WILLIAM BLAKELEY FROM THE COURT OF COMMON
PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 8, 1889—Decided January 6, 1890.

(*a*) One of the heirs of a decedent filed a bill for partition against the
other heirs, and an answer was filed. Subsequently, an agreement in
writing was entered into between all the parties, providing for a volun-
tary partition of certain portions of the real estate amongst the parties,
by cross-deeds.

(*b*) It was further provided in this agreement that the remaining real es-
tate should be conveyed to a trustee, who should sell the same, and,
after paying expenses and the costs and fees of counsel of the parties
in the partition suit, should distribute the surplus to the heirs:

1. In such case the counsel for the plaintiff in the partition suit had no
such interest in the fund in the hands of the trustee as would entitle him
to recover compensation for his professional services therefrom, his
rights to such compensation being against his clients.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 255 October Term 1889, Sup. Ct.; court below, No. 459
September Term 1887, C. P. No. 1.

On August 12, 1887, Mr. Hill Burgwin, trustee for the heirs
of W. H. Brown, deceased, filed his petition to the court below,
upon which for the facts therein set forth he prayed for his
discharge from the said trust. An answer was filed by the
cestuis que trust, joining in the prayer of the petition, and an
order was made confirming the accounts filed and granting the
petitioner his discharge as prayed for.

On March 12, 1889, Mr. William Blakeley, attorney at law,
presented his petition, praying upon the averments therein,
sufficiently appearing in the opinion of court below, as follows:

1. That the decree and order of court confirming said ac-
count and discharging said Hill Burgwin as trustee, be an-
nulled, vacated and set aside.

2. That a master or auditor be appointed to take the testi-
mony of the parties, and to ascertain and report to the court

the costs and fees due the petitioner under said agreement, and that upon the incoming of said report a judgment and decree be entered in favor of the petitioner for the amount found to be due.

3. For such other and further relief as the exigencies of the case may require.

A rule was granted, and, answers having been filed by the respondents and argument had, on July 17, 1889, the following opinion was filed, SLAGLE, J.:

On August 12, 1887, Hill Burgwin filed his petition setting forth that under two certain deeds therein recited he had acted as trustee of the heirs of W. H. Brown, deceased; that he had fully executed the trust; and he filed with his petition an account of his trust, asking that the same be confirmed and he be discharged. All the heirs of W. H. Brown united in an answer admitting the facts and requesting the court to grant the prayers of the petitioner, and an order of this court was made accordingly the same day.

On March 12, 1889, William Blakeley filed his petition praying the court to vacate the order of August 12, 1887, and that an auditor be appointed to ascertain the costs and fees due to him. The petition sets forth that as counsel for Lizzie B. Ward, one of the heirs of W. H. Brown, deceased, the petitioner filed a bill for partition against the other heirs, at No. 119 June Term 1881, in this court; that after answer filed, the parties entered into an agreement under date of October 29, 1881, and a supplement of November 13, 1881, providing for the appraisement of the real estate and partition thereof by agreement and the execution of voluntary deeds, and providing further " that all real estate not disposed of by the partition proceedings as provided by said agreement should be conveyed to Hill Burgwin, in trust, by the parties interested, and by him to be sold, and after payment by him out of the proceeds of said sale the necessary and proper expenses of the trust fees and expenses of the appraiser, also costs and fees of counsel of the parties at No. 119 June Term 1881, Common Pleas No. 1 of Allegheny county, the surplus to be equally divided and paid over to the parties; " that Hill Burgwin accepted the appointment and deeds made to him in pursuance

VOL. CXXXI—23

of said agreement, and sold the same for more than sufficient to pay the fees of counsel; that petitioner performed services as counsel in the case, and was entitled to be paid out of the funds received by him as trustee; that he frequently demanded payment of the same, but was refused; that, without the knowledge of petitioner, the trustee paid over the moneys to the parties, and filed his account, which was confirmed without notice to or knowledge of the petitioner.

Answers are filed by all the parties, in which they deny that Mr. Burgwin acted as trustee under the agreement referred to, but allege that the deed to him was made under a subsequent arrangement, in which no reference was made to counsel fees. James Ward and wife allege that they have paid petitioner in full for all services rendered to them.

No testimony was taken by either side. For the purposes of this motion the allegations may be assumed to be true, for if upon his own statement the petitioner has no standing, it would be useless to waste time and expense in taking evidence; and if he has, the whole matter can be heard as quickly and cheaply as the preliminary question could. In this view of the case, the only question is as to the proper construction of the agreement and deeds, and the interest of the petitioner under them.

It is claimed by respondent that the agreement covered the fees of counsel, as taxable under the fee bill in equity only. With this we do not concur. This agreement was undoubtedly intended to cover all counsel fees in the case, whether taxable by the prothonotary under the fee bill, taxable by the court, or untaxable. It is also claimed by respondents that the deeds were not made under the agreement. It is true that they do not refer to it, but they are consistent with it, and must be assumed to have been made in pursuance of it.

The only other question is as to the interest of the plaintiff. In an action by petitioner against Burgwin at No. 31 December Term 1888, in overruling a motion to take off a compulsory nonsuit, the court said, referring to this agreement: "Its primary object was the partition of the real estate which had descended to them. It contemplated that the entire estate would be divided among them. The creation of a fund out of which the plaintiff's claim should be paid, was only a possible incident dependent upon a contingency within the control of the parties

Arguments.

to the contract. Notwithstanding the agreement, the property remained their own, and they had the power to do with it as they pleased. Even after its transfer to Mr. Burgwin, the beneficial interest in it remained in them, and they could, without his consent, have revoked the trust and required a reconveyance or directed a different disposition of it. The conversion of the property into money did not change their rights. The plaintiff was not a party to the agreement and was not named in it. He had no interest in the subject matter of the agreement, except as attorney of one of the parties to it. And there is no evidence that on the faith of it he released his client from liability to him. He, therefore, had no contract interest, and the consideration did not move from him."

It is true that in that case the court suggested that if he had an interest it could only be enforced by an application to open the account, such as is now made, and all that the court then decided was that an action would not lie against the trustee; but the view of the agreement, as stated now, appears to the court to exclude any such interest in the petitioner as would give him a right to interfere with the parties in their disposition of the subject matter of it. His rights are against his clients, and the right to be reimbursed out of the property belonged to them, as against the other parties to the contract. If they released their rights as against the other heirs, it would not affect the petitioner's rights as against them.

The motion to open the account must therefore be refused.

A decree having been entered in accordance with the foregoing opinion, Mr. Blakeley took this appeal specifying that the court erred in refusing the prayers of his petition.

*Mr. James Fitzsimmons* (with him *Mr. John S. Ferguson*), for the appellant.

Counsel cited: Act of April 27, 1864, P. L. 641; Snyder's App., 54 Pa. 67; Winton's App., 87 Pa. 77; Northwestern Ins. Co. v. Phœnix Oil & Candle Co., 31 Pa. 448; Helme v. Insurance Co., 61 Pa. 107; Hoy v. Holt, 91 Pa. 88; Palmer's App., 96 Pa. 107; Nusser v. Good, 11 S. & R. 247; Janes's App., 87 Pa. 428; Grubbs' App., 82 Pa. 23.

*Mr. Hill Burgwin* (with him *Mr. G. C. Burgwin*), for the appellee.

Counsel cited: Pereyra's App., 126 Pa. 220.

PER CURIAM:

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.

Decree affirmed.