(117 So. 469)

SNEAD v. LEE. (6 Div. 128.)

Supreme Court of Alabama. May 24, 1928.

Rehearing Denied June 21, 1928.

Louis Silberman, Smith & McCary, and Maud McLure Kelly, all of Birmingham, for appellee.

Earl McBee and Hugh A. Locke, both of Birmingham, for appellant.

SAYRE, J.  The court below overruled appellant's demurrer to appellee's bill of review for alleged error apparent on the face of the record affecting the decree in the cause entitled Laura Snead versus Adam Lee.  Appellee's present bill alleges error in the original cause in the following particulars:

(1) The respective interests of the parties in the property ordered to be sold in lieu of partition in the original cause was not sufficiently alleged.

(2) The original complainant, appellant in this cause, was erroneously allowed compensation for improvements made by her upon the common property.

(3) The allowance to original complainant's attorney of a fee out of the common fund was error.

(4) The original cause was not at issue when the final decree was rendered.

Numerous grounds of demurrer to the present bill may be arranged as follows:

(1) The entire record of the original cause is not set out.

(2) There is no offer to do equity by returning the purchase money realized at the sale under the original decree.

(3) The bill states unauthorized conclusions not based upon matters of record.

(4) Laches.

(5) The general demurrer.

■ Bills of review have been the subject of frequent consideration in this court. Of them in a general way it will be enough to say at this time that the error to be reviewed must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings, or decree. "Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties." McCall v. McCurdy, 69 Ala. 65. "In favor of the correct ruling of the chancellor, we must indulge every reasonable presumption which the record does not affirmatively repel." Goldsby v. Goldsby, 67 Ala. 564. The evidence noted in the original cause cannot be considered. Turner v. Turner, 193 Ala. 424, 69 So. 503; McDougald v. Dougherty, 39 Ala. 409.

■ The bill now under consideration exhibits the bill in the original cause, an amendment, service of which purports to have been accepted by this complainant, the original defendant, decree pro confesso, and final decree upon pleadings and proof ordering the property sold for division between the parties. It is averred that the property was, under an order of court, sold and conveyed to the original complainant for the sum of $2,000, of which $1,750 was decreed to original complainant as compensation for improvements, $200 to original complainant's counsel, and $50 to the payment of costs, thus, if we may look to these averments, disclosing the fact that the present complainant had been improved out of his entire interest in the property. But there is no averment that these exhibits constitute the entire record in the original cause. The necessary inference is that the exhibits do not constitute the entire record, the additional averments with reference to the sale of the property and the application of the proceeds being mere conclusions of the pleader the propriety of which should have been shown by a copy or copies of the pleading and proceedings exhibited with the bill. In this respect the bill of review is defective. It should have shown all the proceedings and pleadings in the original cause. The court must be able to see clearly and confidently from the face of the record (not including the evidence) that error has been committed to the prejudice of the complainant in the bill of review. Goldsby v. Goldsby, supra; Taylor v. Crook, 136 Ala. 377, 34 So. 905, 96 Am. St. Rep. 26.

■ If the complete record had been properly pleaded, showing the alleged facts of which we have made mention, it would have shown that original complainant became the purchaser, that complainant in this cause got nothing for his interest in the property, and therefore that it was not incumbent on this complainant to offer a restoration of that part of the purchase money which had been decreed to him—for none had been so decreed. In the usual case such an offer would be necessary, for it is the spirit and purpose of the law, on consideration of a bill of this character, to require a restoration of the parties to the plight and condition in which they were at and prior to the rendition of the erroneous decree.

■ This proceeding was commenced on June 25, 1926. The decree adjudicating the equities of the parties became effective, by filing with the register, July 2, 1925. The statute, section 6608 of the Code, requires that applications to file bills of review must be made within three years after the rendition of the decree, with an exception in favor of infants and persons of unsound mind not important in this connection. There is nothing to show that the delay of less than twelve months in this cause has operated to the disadvantage of the present defendant. The ground of demurrer based on laches is not well taken.

■ The most important question presented is whether, assuming the record in the original cause to have been properly pleaded, and that its disclosure would be in agreement with the averments of this bill, there could have been any equitable basis for a decree which would allow the present complainant to be improved out of all interest in the property held by him and this defendant as cotenants in equal shares. We say equal shares, because the court in its decree so found and because in the present stage of the proceedings that must be presumed. Long v. McDougald, 23 Ala. 413; Whitlow v. Echols, 78 Ala. 206. Assuming, in agreement with what appears to have been the intent of the decree in the original cause, that the equitable claim of the improving tenant could not have been recognized and protected by

awarding him that part of the property which he has improved (Ferris v. Montgomery Land Co., 94 Ala. 557, 10 So. 607, 33 Am. St. Rep. 146), we think that the present complainant was at least entitled to the value of his half interest before the improvements were made by his cotenant, if so made, an account being taken at the same time of the rents (Ormond v. Martin, 37 Ala. 598; Horton v. Sledge, 29 Ala. 478). Stone, J., in Sanders v. Robertson, 57 Ala. 472, disposed of the difficulty presented in this case in the following language:

"If it cannot be so done"—that is, if partition cannot be made so as to assign all improvements to the party who made them—"then he should be compensated by an increased quantity of land, or in some other way."

The more recent case of Porter v. Henderson, 203 Ala. 312, 82 So. 668, lays down the rule that in such case the party making the improvement in good faith should be compensated to the extent to which the improvement adds value to the land in its unimproved state, leaving to the cotenant the full value of his undivided interest in the property as it was before improvement. This is a fair and just rule, and had been previously recognized and declared in Ferris v. Montgomery Land Co., supra. Nor are we advised of any adjudication which holds that a cotenant may be improved out of his entire interest in the common property. If the defects in the manner of pleading, heretofore noted, be corrected, we are of opinion that appellee will be entitled to a review and correction of the result in the original cause to make it conform to the views here expressed.

We find no errors otherwise. We cannot, of course, in this cause review or re-. state the matter of the amount of the fee allowed to counsel in the original cause. In her application for a rehearing appellant suggests a restatement of the law as to whether appellee should be required to tender to appellant one-half of the money paid into court by appellant upon her purchase, viz. one-half of $250 paid into court in order to cover the fee of $200 decreed to appellant's attorney and $50 to pay court costs. Appellant refers to section 9319 of the Code:

"9319. *Solicitor's Fee Allowed in Certain Cases.*—In all cases of the partition or sale of property for division of proceeds, the court may, in its discretion, allow a reasonable solicitor's fee to the solicitors of the parties, to be taxed as a common charge on all the interests, and to be paid out of the proceeds in case of a sale, when the services are for a common benefit of all, and to be a lien on the several parts in case of partition."

It will be noted that this section leaves the matter of charging the entire estate with a solicitor's fee to the discretion of the court. The taxation of court costs rests in discretion also. This court has held, on clear grounds of justice and equity, if not constitutional compulsion, that the court, in exercising the power conferred by section 9319 of the Code, can consider only the fair value of the legal services inuring to the benefit of the trust estate—meaning the totality of the common estate—excluding from consideration services referable to the individual interests of cotenants, and that a decree must be reversed, where it appears from the record that the court did not discriminate between services for the benefit of the common estate, as distinguished from such as may be rendered in preserving the individual interest of the complaining cotenant. De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354. This is the settled meaning of the statute. Moody v. Moody, 216 Ala. 158, 112 So. 752, and numerous cases cited in Dent v. Foy, 214 Ala. 247, 107 So. 210. The statute, of course, does not mean that complainant's solicitor, in a proceeding for partition or a sale in lieu of partition, is entitled to be paid out of the estate for services rendered to complainant for her individual benefit, as, for example, the service of the complainant's solicitor in fastening upon the estate a lien for improvements put upon it by the complaining cotenant. Certainly no such charge should be tolerated when, as here, the cost of improvements, the solicitor's fee, and the court costs result in the complete absorption of the defending cotenant's interest in the property. The judgment of the court is that the tender urged in appellant's brief need not have been alleged in appellee's bill of review.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.