(118 So. 590).

OWENS et al. v. BOLT et al. (7 Div. 813.)

Supreme Court of Alabama. Nov. 8, 1928.

R. E. Jones, of Heflin, for appellants.

Chas. F. Douglas, of Anniston, for appellees.

BOULDIN, J. Mrs. Annie Bolt and Mrs. Louise Robertson, claiming to be the owners of an undivided one-half interest in certain real estate then in possession of Mrs. Annie Owens, employed Chas. F. Douglas, attorney at law, by contract in writing, to take all necessary steps to recover their interest, convert it into cash, and to receive as compensation 40 per cent. of the amount realized.

Thereupon a bill was filed, praying a sale of the lands for division, and an accounting for rents received from the common property by Mrs. Owens, the owner of the other half interest.

Mrs. Owens filed her answer, denying any title or interest in complainants, and alleging permanent improvements enhancing the value of the property. The answer was made a cross-bill praying an allowance for the improvements in so far as they enhanced the value of the common property.

Complainants answered the cross-bill. At this stage complainants, without the consent of their counsel, sold and conveyed their interest in the property to J. A: Owens, husband of the respondent Annie Owens, making no payment nor provision for payment for the services of their counsel. Mrs. Owens, by amended answer, set up this conveyance by complainants of all their interest in the subject-matter in bar of the further prosecution of the suit.

Thereupon Mr. Douglass, by leave of the court, filed his petition of intervention re-

citing the history of the case, claiming an attorney's lien on the lands, and praying that the cause proceed to hearing as though complainants had made no such conveyance, that the property be sold for division, and that the amount due intervener for counsel fees be ascertained and paid from the proceeds of the sale. There was a prayer for general relief.

J. A. Owens, the purchaser from complainants, was made a party to the intervention proceeding. He and Mrs. Owens filed separate motions to strike the petition for intervention. These being overruled, demurrers were filed and overruled.

The appeal is from these several rulings, with motion for alternative mandamus.

Code, § 9319, deals with counsel fees to be charged against the common property, paid out of the proceeds in case of sale, or declared a lien on the several shares in case of partition in kind.

Code, § 6261, is a more general and inclusive statute, covering the same subject. Such counsel fees are there taxed and collected as costs of suit.

Under these statutes, the allowance is solely for services inuring to common benefit of all the tenants in common. A measure of discretion is vested in the court. Where the only common benefit is in the allotment to each of his own interest in the property in kind or in the proceeds of sale, such common benefit cannot accrue unless this end is accomplished. The result determines the right to and the measure of such allowance.

Nothing in these provisions gives the attorney a standing in court as a party to the litigation, or deprives the complainant of control over his suit. Dent v. Foy, 214 Ala. 243, 107 So. 210; Farmers' Bank & Trust Co. v. Borroughs, 217 Ala. 97, 114 So. 909; Ex parte McLendon, 212 Ala. 403, 102 So. 696.

The intervention petition shows that, by parting with their title, complainants have disabled themselves to prosecute the suit to a sale for division as against their grantee and the other tenants in common who resist such sale, and who alone are interested therein.

It follows that complainants' counsel has not rendered and cannot now render any services for the common benefit of the joint owners entitling him to compensation from the common property under sections 6261 and 9319.

But the client is liable for all services rendered by his attorney pursuant to his retainer, less such allowance, if any, as may be made from the common fund under rules above stated.

Services in contesting the claim of title between complainants and respondent, Mrs. Owens, in calling her to account for rents, and in resisting her claim for improvements, would not be compensated from the common fund had the suit proceeded as begun. These were adversary proceedings, the services inuring to the client as opposed to the interest of the cotenant. The sale for partition being defeated by act of complainants, the only claim for compensation by their counsel is a claim against them.

Intervener claims a lien on the interest of complainants in the lands, seeks to have that interest ascertained, as well as the sum due them on accounting for rents, and to have the lien enforced on such interest for the compensation ascertained to be due intervener. The purchaser, J. A. Owens, is alleged to have taken the lands with notice and subject to the attorney's lien thereon.

This brings us to consider Code, § 6262, declaring and defining attorneys' liens. This section reads:

"1. Attorneys at law shall have a lien on all papers and money of their clients in their possession for services rendered to them, in reference thereto, and may retain such papers until said claims are satisfied, and may apply such money to the satisfaction of said claims.

"2. Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them.

"3. Upon all suits for the recovery of real or personal property, and upon all judgments or decrees for the recovery of the same, attorneys at law shall have a lien on the property recovered, for their fees, superior to all liens but liens for taxes, which may be enforced by said attorneys at law, or their lawful representatives, as liens on personal and real estate, and the property recovered shall remain subject to said liens, unless transferred to bona fide purchasers without notice.

"4. The lien in the event of suit, provided in paragraphs two and three of this section, shall not attach until the service upon the defendant or respondent of summons, writ or other process. However, when any claim is settled between the parties after the filing of suit but before the defendant has actual notice of the filing of the suit by service of summons or otherwise, such settlement shall operate as a full discharge of the claim."

It will be noted this section reaffirms the common-law lien on moneys and papers in the attorney's possession and on judgments or decrees for money. It goes much farther in several respects.

Subdivision 2, as relates to settlement of suits for the recovery of money without the attorney's consent, expressly confers upon attorneys "the same right and power over said suits * * * to enforce their liens, as their clients had or may have for the amount due thereon to them."

The settled practice under this statute is to permit the attorney to intervene, prosecute the suit to a hearing and recover the amount

due him. Fuller v. Lanett Blocking Co., 186 Ala. 117, 65 So. 61; Western Ry. of Ala. v. Foshee, 183 Ala. 182, 62 So. 500; Denson v. Ala. Fuel & Iron Co., 198 Ala. 383, 73 So. 525; Lowery v. Illinois Central Ry. Co., 195 Ala. 144, 69 So. 954; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211.

Intervener's claim is asserted under subdivision 3, § 6262. As it first appeared in the Code of 1907, § 3011, the lien declared by subdivision 3 was limited to personal property. It is extended to real property by the Code of 1923.

 Considering the broad terms of the statute as a whole and the legislative policy manifested thereby, we see no good reason to deny that the attorney's lien therein declared attaches in suits for partition or sale of lands for division.

Under section 9319, fees allowed for services for the benefit of all are charged as a lien upon the entire land.

We think subdivision 3 intends a lien on the interest of the client in the lands for services rendered him.

Emphasis is laid in brief on the fact that in this case the lands were adversely held, and complainants' interest had to be "recovered" on a trial of title as an incident to partition, an allowable issue under present partition statutes. We do not rest our decision on that ground. By partition the complainant gets an exclusive possession and complete title to the portion allotted to him as against a joint possession and ownership theretofore. On sale for division he gets the same converted into money. It is "property recovered" for the client under subdivision 3, § 6262.

 Is the lien defeated by the client's sale of the property pending the suit to a purchaser with notice? We think not. By subdivision 4 the lien attaches on service of summons upon respondent. This applies to suits for recovery of property under subdivision 3. It remains subject to the lien "unless transferred to bona fide purchasers without notice." As noted in our former decisions, our statute was modeled after that of the state of Georgia.

In Hale v. Tyson, 202 Ala. 107, 79 So. 499, this court reviewed the decisions defining the lien of attorneys at common law, showing it was not the policy to extend the same to lands. That case also construed section 3011, Code of 1907, and pointed out (page 112 of 202 Ala. [79 So. 499]) that the Alabama statute omitted "real property" as found in the Georgia statute.

In Albright v. W. D. Wood Lumber Co., 214 Ala. 636, 108 So. 738, this court noted the change in our statute since the case Hale v. Tyson, supra. The Albright Case involved a foreclosure under power of sale. There was no suit of any kind.

Looking to the Georgia decisions touching liens on lands, it seems settled that the lien attaches when suit filed (under our statute when summons served), and that the complainant cannot defeat the lien by settlement with the opposing party or by parting with his interest in the property to other than a bona fide purchaser without notice. Middleton v. Westmoreland, 164 Ga. 324, 138 S. E. 852. This case differentiates the earlier case of Hodnett v. Bonner, 107 Ga. 452, 33 S. E. 416; Walker v. Equitable Mortgage Co., 114 Ga. 862, 40 S. E. 1010; Brown v. Georgia, Carolina & Northern Ry. Co., 101 Ga. 80, 28 S. E. 634; Twiggs v. Chambers, 56 Ga. 282; note, 99 Am. Dec. 459.

We must hold that our statute as now framed extends to lands of the client involved in the suit: that one purpose of the statute is to protect attorneys against the act of the client in making disposition of the cause or of the property in such manner as to defeat the claim of the attorney for his fees. With the wisdom or policy of such legislation we cannot deal.

 The statute (subdivision 3) provides that such liens "may be enforced * * * as liens on personal and real estate." In the absence of a statutory method of enforcing such liens, they are enforceable in equity. In the ordinary case of lands recovered in ejectment, an original bill in equity would follow.

 Dealing with the case before us, where in actual recovery was prevented by a disposition of complainants' interest, appellee conceives that the partition suit must proceed by intervention to decree and sale of the lands for division, an actual recovery of the funds from which the attorney's fee was to be paid. We do not concur in this view.

It does not mean to give the attorney control over the litigation as a party in interest, overturn the general rules of law relating to principal and agent, and force a partition as between owners who do not want it in the interest of the attorney having a lien on an undivided interest only.

There is a distinct difference between a suit for the recovery of property under subdivision 3 and one for the recovery of money under subdivision 2.

In a suit for money, the suit must be prosecuted to judgment to bring into being the subject-matter to which the lien attaches. In a suit for property, the subject-matter is already in being. Hence the marked difference in the language of the two subdivisions. In one the attorney is given the same power over the suit as the client. In the other, he is merely granted power to enforce his lien.

 Only such proceedings should be had as are necessary to this end. Where complainant has defeated a recovery on his behalf by a sale of his interest to one standing in no better position, neither is in position to question an actual recovery. Equity treats that as done which ought to be done. So nothing

348

remains but for the attorney to take proper steps to enforce his lien.

Here it involves the ascertainment of the interest of his clients in the lands and the amount of fee to be charged thereon, and, if need be; the foreclosure of the lien on such interest.

The proceeding calls for the presence of all parties having interest in the issues and to be bound by the decree. Complainants are proper parties as the primary debtors, and may be interested in removing the lien in the protection of their vendee. Mrs. Owens, the respondent, is interested on the issue as to title and ascertainment of the interest owned by complainants to be subjected to the lien. The purchaser is interested as the present owner of lands to be subjected.

The rule in Alabama is that an attorney discharged without cause, or otherwise prevented from full performance, is entitled to be reasonably compensated only for services rendered before such discharge. Hall v. Gunter, 157 Ala. 375, 47 So. 155. This appears to be the prevailing rule where the contract, as here, called for a contingent fee. 6 C. J. p. 724, § 293.

In fixing the compensation, the court in which the service was rendered is in best position to act with least delay and expense.

We therefore hold that in an equity case of this character the relief may be granted in an intervention proceeding. No hard and fast rules of procedure are deemed essential. Equity proceeds by methods best adapted to the end. The purchaser, becoming a privy or quasi party by his own act during the pendency of the suit, may be made a party to the intervention without violence to sound rules of procedure.

The interests of all parties may be conserved pending the settlement of this controversy.

In so far as the intervention petition seeks to further prosecute the partition suit, it was subject to the demurrer interposed. For this the decree overruling the demurrer will be reversed.

Mandamus to strike the petition is denied.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.