(124 So. 197)

**MATTHEWS v. LYTLE et al. (8 Div. 104.)**

Supreme Court of Alabama. Oct. 10, 1929.

Lanier & Pride and Watts & White, all of Huntsville, for appellees.

FOSTER, J. Briefly stated, the facts of this case are as follows: Appellant, Matthews, and appellees Lytle and Gill, together with H. D. Westmoreland, deceased, owned a valuable tract of land near Huntsville, suitable for development into desirable building lots, as a suburban subdivision. The owners took steps to develop it as a subdivision, and had a plat made by one Kessler. This was never recorded nor adopted as a survey. Westmoreland died, leaving his property in trust with the Birmingham Trust & Savings Company, as trustee, and the remaining three owners purchased his interest from the trustee. Appellant filed a bill to partition the property, seeking to have it divided with respect to the Kessler map. Birmingham Trust & Savings Company, as trustee, was made a party, due to the opinion of complainant's counsel that the deed it had executed was not sufficient.

Appellees admitted the right to partition in answers filed by their counsel. Each respectively insisted that it was impracticable to partition by the Kessler map. Thereupon appellant amended the bill abandoning the Kessler map, and merely sought partition. But, having doubt as to the sufficiency of the deed of the Birmingham Trust & Savings Company, it was retained as a party. On demurrer to the bill, assigning as ground that it showed the deed sufficient and the trust company an unnecessary party, the court so decreed.

After considerable negotiation, an agreement was reached and signed by the parties pursuant to a plan suggested by counsel for appellees, providing a method of dividing the property by lot, to be effected by an exchange of deeds, containing stipulated building restrictions. The court entered a decree accordingly, and it was carried into effect. The agreement reserved for determination by the court the amount of counsel fees for appellant, and what, if any, fee should be al-

Cooper & Cooper, of Huntsville, for appellant.

lowed counsel for appellees. The property was worth approximately $40,000 to $75,000 or more, as shown by the evidence. After taking testimony, the register fixed a fee for appellant's counsel at $1,000, and found that each of the counsel for appellees had rendered services for the common benefit of the estate to the amount of $1,000, and fixed that amount for each of them. The court, on exceptions, confirmed the report.

Appellant claims that the entire fee should be awarded his counsel, and appellees claim that it was properly divided among the three in equal parts.

The question is admittedly controlled by a proper application of sections 6261 and 9319, Code, given effect by the agreement of parties. We think that both sections apply equally to the probate and chancery court, and in suits for partition in kind as well as in sales for division of real and personal property. Owens v. Bolt, 218 Ala. 344, 118 So. 590; Dent v. Foy, 214 Ala. 243, 107 So. 210, 217.

Such fees to be taxed against the common fund or property must be such as were rendered for the common benefit of all the parties as a whole. And therefore fees are not allowed for services of counsel contesting separate adverse claims of the parties. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Blount County Bank v. Kay, 209 Ala. 74, 95 So. 297; Dent v. Foy, supra; Brake v. Graham, 214 Ala. 10, 106 So. 188; Moody v. Moody, 216 Ala. 156, 112 So. 752; Owens v. Bolt, supra; De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354.

This is true whether the services of counsel were rendered at the instance of the complainant or the respondents, or any one of them.

To permit counsel for respondent to have a fee out of the estate, he must have been employed to render and did perform some service for the common benefit of all, which in due course of the proceeding other counsel had not been employed to render, or had unduly failed to perform, unless in the discretion of the court it appears that a case is presented in which more than one counsel should be employed for the common benefit. Under the statute, this is largely controlled by the discretion of the court, subject to proper review. This is "an advised, just, judicial and revisable discretion in the light of the whole record." Dent v. Foy, supra; Snead v. Lee, 218 Ala. 44, 117 So. 469.

Services for the common good are held to include the following: "The preliminary investigation of the title, the preparation of the bill, attending to the issuing of subpoenas, the preparation and entering of decrees, etc." Robinson v. Robinson, 24 R. I. 222, 52 A. 992, 993. Again it is said: "Plaintiff's attorneys may have rendered some services in examining the title and preparing such papers as would have been essential to an accurate division of the lands in a friendly suit. Such services benefited the defendant owners as well as the plaintiff, and they may justly be asked to contribute toward paying for them." Liles v. Liles, 116 Mo. App. 413, 429, 91 S. W. 983, 988. For the negotiation and preparation of a compromise agreement which resulted in benefit to the estate, a fee is properly chargeable. Dent v. Foy, supra. It includes services necessary to keep the bill in court, involving any nature of attack presented to defeat it, and which results in retaining the bill, but not including a controversy as to the respective interests or rights of the tenants in common, nor ordinarily services in unsuccessfully maintaining a position for a party who is not a trustee. Dent v. Foy, supra.

In effecting a partition or a sale for that purpose, the result is as a matter of law beneficial to all, and the attorney for complainant is due to be compensated out of the common fund for his services in accomplishing it. This is true whatever effect such result might have upon the value of their separate interests. Dent v. Foy, supra.

The register reported that respondent's counsel had rendered services of common benefit as follows: (1) Preventing partition by the Kessler map; (2) preventing partition by commissioners; (3) eliminating Birmingham Trust & Savings Company as party; and (4) by originating the plan and restrictions by which an agreement was reached, on which partition was decreed, and the preparation of the agreement.

When the complainant in a partition suit defeats the relief prayed for, and to secure which counsel were employed, by a sale to the other tenants in common (or we might add by an agreement with the others), the attorney cannot recover at all from the common estate, but may recover against the complainant employing him for services rendered, and to that extent enforce a lien on his separate interest under section 6262, Code. Owens v. Bolt, supra. See, also, Brown's Est., 131 Pa. 352, 18 A. 901.

This proceeding did not take the ordinary course. The decree merely carried into effect an agreement of the parties, prepared by counsel. Such decree was not necessary, as they could have accomplished their purpose by the agreement which they reached. It left the matter of counsel fees to the court, and that was the apparent reason for not dismissing the cause when the agreement had been reached. If it had been dismissed, counsel would not have been entitled to a fee chargeable to the common property without an agreement to that effect, but each must have looked to his own client. Owens v. Bolt, supra. But the agreement saved for them

each respectively the right to fees such as would be compensation for services of common benefit. The agreement was largely the result of a proposal of counsel for respondents, and the joint efforts of all of them. An ordinary judicial partition would not have had the advantages which all admit resulted from the stipulations of the agreement. It is apparent that, as finally executed, it was of common benefit, and accomplished the result sought. What followed was merely formal. We do not think that either counsel should claim sole credit for it.

In the light of the register's report, this court concludes that, in making the distribution of the fee found to be reasonable, proper regard was not given to some of the conclusions we have here stated, and that sufficient compensation for complainant's counsel for bringing the cause into court and in making proper preliminary studies and preparation was not given such effect as we conclude should be reflected in the decree.

We do not find it necessary or expedient to enter into a discussion of the facts leading to the result, but the court, after a careful consideration of the facts and findings by the register, concludes that the fee of $3,000 found to be a reasonable fee for all the services of counsel which were rendered for the common benefit of all the parties should be divided so that counsel for appellant, complainant in the circuit court, shall receive one-half of the total sum, and counsel for appellees, respondents in the circuit court, shall jointly receive one-half.

It is therefore directed that a decree be here entered correcting that of the circuit court, so as to conform to the conclusions of this court as stated, and, as corrected, the decree of the circuit court is affirmed.

Corrected and affirmed, at cost of appellees.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.