173 So.2d 596

**Virginia PATE et al.**

v.

**Berenice LAW.**

**4 Div. 202.**

Supreme Court of Alabama.

March 11, 1965.

Rehearing Denied April 15, 1965.

Prestwood & Prestwood, Andalusia, and Alvin T. Prestwood, Montgomery, for appellants.

Tipler & Fuller, Andalusia, for appellee.

HARWOOD, Justice.

In the proceedings below Virginia Pate, Edith McElreath and Hubert Law, who are sisters and brother, filed a bill against Berenice Law, their sister-in-law, alleging that the complainants and respondent each

owned an undivided one-fourth interest in three tracts of land. It was averred that the property could not be equitably divided, and complainants prayed for a sale of the lands and a division of the proceeds.

The respondent filed an answer and cross bill in which it was admitted that as to two of the tracts the complainants were owners of an undivided one-fourth interest, but asserting that the respondent was the sole owner of the third tract which is referred to in the testimony as the Diamond Place. This litigation concerns only the Diamond Place insofar as the interests of the respective litigants are concerned.

The evidence below was by agreement of the parties taken before a commissioner.

There is no note of submission of this evidence by the complainants, appellants here. The record does show, however, that the respondent filed her note of submission, and therein submitted for consideration of the court a stipulation of the parties, together with all exhibits referred to in said stipulation; a stipulation of payment of taxes by Lamar Law, deceased husband of the respondent; objections of respondent to testimony of appellants; evidence elicited on cross examination of complainants' witnesses; the testimony of Ray Walker, the attorney who prepared and notarized the deed conveying the questioned property to Lamar Law; and the tax assessment receipts of taxes paid on said property.

Equity Rule 57, Title 7, Appendix, Code of Alabama 1940, requires that a note of submission, signed by each party to the submission, or his attorney of record, showing the proof upon which he rests his case, be filed by the Register at the time of submission for a final decree, and provides that the court shall not consider anything not noted on the note of submission. The rule further provides that it is not necessary to note any testimony given orally before the judge in open court.

Since this rule was not complied with by the appellants, we cannot consider any testimony not noted by them, though it may appear in the transcript forwarded to this court, and even though it may have been considered by the court below. Campbell v. Rice, 244 Ala. 144, 12 So.2d 385; Weatherwax et al. v. Heflin et al., 244 Ala. 210, 12 So.2d 554.

Upon submission, the court entered a decree reciting, among other things:

"This cause being submitted to the court for final decree, and submission being had upon all the pleadings, evidence, as taken before the commissioner, and stipulation of the parties; the court makes the following finding of facts, and enters the decree hereinafter contained."

The court found that one of the tracts involved in the complaint was, by agreement of the parties, withdrawn from the suit.

As to the Diamond tract, the court found that the complainant, Hubert Law, owned an undivided $\%_{80}$ interest therein, and the respondent, Berenice Law, owned an undivided $7\frac{1}{80}$ interest.

The court further found that the solicitors for the complainants were entitled to a reasonable attorney's fee in the premises.

The court ordered the lands to be sold by the Register, and upon the confirmation of the sale that the Register hold a reference to determine the distributive shares of each party, and also ascertain a reasonable attorney's fee to be paid the solicitors for the complainants.

Pursuant to such order, the Register sold such lands. The undisputed tract was sold for $25,700 and the Diamond Place was sold for $39,750, and report thereof made to the court.

The Register further reported that the solicitors for the complainants should be allowed a total fee of $6,400, of which $2,500 should be charged against the proceeds of the undisputed tract, and $3,900 should be charged against the proceeds of

the Diamond Place. The attorneys' fees were fixed by the Register after a hearing.

An exception to the report of the Register was made by the respondent insofar as the amount of attorneys' fees was concerned, the respondent asserting the fees were excessive.

After hearing, the court denied the exceptions, and confirmed the Register's report in all respects, and ordered that all monies be disbursed in accordance with the decree of the court and the report of the Register.

In reaching its conclusion, the lower court apparently considered all the evidence taken before the commissioner. Even so, it found and decreed as above set forth. Properly, the lower court should have considered only that part of the evidence taken before the commissioner which was noted by the respondent on submission. This is all the evidence we can consider on this review. Campbell v. Rice, supra.

This evidence tends to show:

1. That the disputed tract was owned in 1938 by Maurice Law, a brother of the complainants and Lamar Law, and that in 1938 this land was mortgaged by Maurice Law to B. C. Diamond, which mortgage was assigned to Lamar Law on his payment of the mortgage indebtedness on 12 March 1941; that the heirs at law of Maurice Law were the complainants and Lamar Law and his mother, Mrs. Jennie Law, and two other sisters who died intestate and without issue; that Maurice Law died intestate and without issue on 4 November 1949, at a time that the record title to the land was vested in him, and by the statutes of descent and distribution the title to the land vested jointly in Jennie Law, his mother, and the complainants and Lamar Law as surviving brothers and sisters.

2. That by warranty deed Edith McElreath, and Virginia Pate, and their respective spouses, and Mrs. Jennie Law, their mother, conveyed the disputed property to Lamar Law. In this deed the above parties, and Hubert Law are named as grantors. The deed was executed by all the parties in 1951, except Hubert Law, who never signed the deed. The deed as executed was recorded on 9 February 1954.

3. Lamar Law, husband of the respondent, died on 27 March 1957, bequeathing all of his property to his wife, the respondent, Berenice Law.

4. Ray Walker Murphy, a practicing attorney, testified for the respondent that he knew Mrs. Jennie Law and Edith McElreath quite well, and was friendly with them, and that they executed the deed to Lamar Law without any reservations and after he had explained to them that it was a deed to the property in dispute. Mr. Murphy further testified that the deed recited all the heirs which included Hubert Law, to assist anyone abstracting the title at a later date. On cross examination Mrs. McElreath testified that she would not deny that Mr. Murphy told her the full import of the deed.

5. B. C. Diamond testified on cross examination that the disputed property was worth approximately the amount of the mortgage indebtedness at the time he took the mortgage in 1938, and had appreciated in value only a small amount at the time Lamar Law acquired the mortgage.

6. The tax records of Covington County show that the property was assessed in the name of Lamar Law from the date he acquired the mortgage in 1941, until his death in 1957, and thereafter in the name of Lamar Law's estate. In 1942 the property was assessed in Lamar Law's name by Mrs. Jennie Law, one of the grantors of the deed to Lamar Law.

The above evidence was ample in its tendencies showing that Mrs. Pate and Mrs. McElreath had alienated their interests in the disputed land. It was also ample in its tendencies showing that Berenice Law and Hubert Law owned interests in the tract. There is no argument in appellants' brief questioning the calculation of interests found to be owned by Hubert Law and Berenice Law if the deed to Lamar Law be

valid. Appellant's argument is directed only toward the alleged invalidity of such deed. The evidence presented by complainants-appellants in this regard cannot be considered as aforesaid.

Since appellants' arguments under all five of their assignments are posited on the alleged invalidity of Lamar Law's deed, they must be deemed without merit.

By cross assignments the appellee has asserted as error the fees allowed counsel for appellant because of the alleged excessiveness of the fees.

The matter of the allowance and amount of fees to be awarded was referred to the Register for a determination.

At the reference hearing before the Register, the appellants offered testimony to the effect that ten percent of the sales price of all the land involved in the litigation, that is, $6,400, would be a reasonable fee to be allowed the attorneys for the complainants.

The appellee offered testimony to the effect that a ten percent fee on the undisputed tract, which was sold by the Register for $25,700, would be a reasonable fee, that is a fee of $2,500, approximately. Appellee's witness, however, was of the opinion that a fee of ten percent on the sales price of the disputed land which sold for $39,750, was a "little high," and that a fee of five percent of the sales price of this land would be more appropriate.

After the hearing the Register found, and reported to the court, that a fee of $6,400 would be a reasonable fee to be awarded the attorneys for the complainants, and the report of the Register in this regard was confirmed by the court.

We excerpt the following, amply supported by authorities, from Sims "Chancery Pleading and Practice in Alabama," Section 607:

"Since the register's report is usually based upon oral testimony, as well as upon the pleadings and depositions already filed in the cause, it is held that 'the same weight and effect ought to be accorded his findings which would be given to the verdict of a jury. If from the whole evidence it is a matter of doubt whether the finding was correct, or if different impartial and intelligent persons might entertain different opinions as to the matter, the findings ought not, for such reason, to be disturbed.' "

This principle negatives the efficacy of those cross assignments asserting error because of the denial by the court of exceptions taken to the Register's report as to the attorney's fee allowed complainant's attorneys.

Cross appellant's (respondent's) assignment of error No. 2 asserts:

"The court erred in denying appellee's" (cross appellant's) "motion seeking to have the court amend its decree of October 9, 1963, to order the Register of the Court to fix and determine a reasonable attorney's fee for respondent's attorney."

It appears that the court held a hearing upon the above motion, thereafter denied the motion. At this hearing the attorney for the respondent testified, and the direction of his testimony may be gathered from the following portion of his testimony:

"It is my feeling that in equity a fee should be awarded Prestwood and Prestwood insofar as the sale of the Law property" (undisputed tract) "is concerned because that was just an ordinary sale for division, and my services were not necessary in that case insofar as that land was concerned, but insofar as the River property" (Diamond Place) "is concerned I feel that the Register should hear evidence to ascertain what services were rendered, and that appropriate fees should be awarded from the interest of the party represented by the attorney. That is to say that a fee should be awarded me for services rendered on that property insofar as the interest of Berenice Law

is concerned, and charged against the sale of the property, and the Prestwoods for services rendered Hubert Law, since he was the only other owner the Court's decree after litigation, and that his services should be taken insofar as that portion is concerned from the proportionate share due Hubert Law.

"That's my testimony, and that is pretty well my argument, too."

Appellee's argument in support of assignment 2 is largely consonant with his above testimony.

Section 63, Title 46, Code of Alabama 1940, provides that:

"In all suits and proceedings * * where there is involved the sale of property for distribution * * * the court having jurisdiction of such suit * * * may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint, or common property, or any party in the suit or proceeding * * *."

The allowance of attorney's fees under the above statute is on the basis of, and solely for, benefits inuring to the common estate, and the tenants in common. Owens v. Bolt, 218 Ala. 344, 118 So. 590; Dent v. Foy, 214 Ala. 243, 107 So. 210; Snead v. Lee, 218 Ala. 44, 117 So. 469. This does not include a controversy as to the respective rights or interests of the tenants in common, and to permit counsel for respondent to have a fee out of the common estate, he must have been employed to render, and did perform some service for the common estate, which in due course of the proceeding other counsel had not been employed to perform. Matthews v. Lytle, 220 Ala. 78, 124 So. 197.

Mr. Tipler's testimony on the hearing before the court, and his argument in brief, fails to establish that counsel for complainants did not render services of benefit to the common estate, but is directed

toward the fairness of permitting attorney's fees for establishing the individual interests of respective co-tenants, that is for services rendered to the individual litigants rather than to the common estate. While counsel has presented his theory in a forceful manner, such is not the doctrine of our decisions, as shown above.

Further, it appears that the respondent could have obtained all the relief to which she was entitled under her answer, and the original bill, and therefore was not entitled to a solicitor's fee for filing and prosecuting her cross bill. See Pritchett v. Dixon, 222 Ala. 597, 133 So. 283.

We conclude that cross appellant's assignment of error number 2 is without merit.

The judgment and decree appealed from is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.