350 So.2d 328 (1977)
Billie Anne PRICE
v.
The AMERICAN NATIONAL BANK OF GADSDEN et al.
SC 1689.
Supreme Court of Alabama.
September 23, 1977.
*329 Thomas E. Davis, Gadsden, for appellant Billie Anne Price.
Roger C. Suttle for Inzer, Suttle, Swann & Stivender, Gadsden, for appellees.

ON REHEARING
PER CURIAM.
The original opinion in this cause is withdrawn and the following is substituted for it.
Earl R. Price died testate on October 12, 1973, survived by his widow and three adult children. Price's will did not provide for his widow, Billie Ann Price. She dissented, claiming a widow's interest in the estate, and the cause was removed from the probate court to the circuit court. An "Agreed Final Decree" was entered on April 3, 1975.
On July 1, 1975, the widow's counsel, Mr. Lewis, petitioned the court to award him an attorney's fee, to be paid from the estate. The widow also petitioned the court to grant her a pro rata share of the estate's income from the date of the decedent's death to the date of the "Agreed Final Decree." The trial court denied both petitionsin separate decrees on July 29, 1975. The widow and attorney Lewis gave joint notice of appeal and filed a joint appeal pursuant to rule 3(b), Alabama Rules of Appellate Procedure.
The widow and her attorney raise three issues for our review: Did the trial court err in ascertaining and fixing the value of the widow's dower interest? Did the trial court erroneously include a certificate of deposit as an asset of the estate? Did the trial court err in failing to award Lewis a fee for services rendered, the fee to be paid out of the common estate?

I
The widow's attack on the "Agreed Final Decree" is without merit. The "Agreed Final Decree" was signed by her and her attorney and provided, in part:
"THIS CAUSE coming on for hearing following the entry of Decree dated January 6, 1975, and the filing of Defendant's `Motion to Amend Judgment', all parties being represented by counsel of record and it being made known to the Court that the parties have agreed to compromise and settle all issues involved in this action and all claims by the Defendant, Billie Ann Price, as the widow of Earl R. Price, deceased, and the Court having considered and approved said agreement, it is, therefore,
"ORDERED, ADJUDGED AND DECREED by the Court as follows: . . ."
It is apparent that the parties agreed to compromise and settle all claims. As stated in Garrett v. Davis, 216 Ala. 74, 112 So. 342 (1926), a consent judgment "[M]ust be `regarded as in the nature of a contract or binding obligation between the parties thereto, which neither, in the absence of fraud or mistake, has the right to set aside or disregard, and which, as against each, is a waiver of errors and irregularities. Freeman on Judgments, § 330.' Cowley v. Farrow, 193 Ala. 381, 384, 69 So. 114."
*330 The widow has made no showing of mistake or fraud; in fact, an inference of fraud or mistake was never raised.

II
The trial judge refused to award Attorney Lewis a fee out of the common estate for work he performed which allegedly enhanced the value of the estate. We affirm.
Lewis claims that he informed the court at the outset of the case that certain property of the deceased was worth between $45,000 and $50,000, whereas the court determined the value to be $30,000. The property was actually sold for $50,000. Citing Tit. 46, § 63, Code of Alabama, 1940, Lewis claims that it was an abuse of discretion for the trial court to fail to recognize the value of his services to the estate. The record does not disclose an abuse of discretion by the court. Lewis was employed by the widow to protect her special interest in the estate. Throughout the course of the trial, Lewis consistently stood as an adversary to the claims of the executor and the other beneficiaries of the estate. The awarding of an attorney's fee is discretionary in these cases, and as stated in Pate v. Law, 277 Ala. 608, 173 So.2d 596 (1964):
"The allowance of attorney's fees under the above statute [Tit. 46, § 63] is on the basis of, and solely for, benefits inuring to the common estate, and the tenants in common. Owens v. Bolt, 218 Ala. 344, 118 So. 590; Dent v. Foy, 214 Ala. 243, 107 So. 210; Snead v. Lee, 218 Ala. 44, 117 So. 469. This does not include a controversy as to the respective rights or interests of the tenants in common, and to permit counsel for respondent to have a fee out of the common estate, he must have been employed to render, and did perform some service for the common estate, which in due course of the proceeding other counsel had not been employed to perform. matthews v. Lytle, 220 Ala. 78, 124 So. 197."

MOTION TO DISMISS APPEAL
The appellees filed a Motion to Dismiss the Appeal on the grounds that two separate judgments, decrees or orders could not be brought up for appellate review by one appeal when the parties to the judgments were not the same.
We pretermit consideration of the motion to dismiss, but we affirm the judgments as to both appellants; therefore, the appellees are not harmed by our failure to grant the motion to dismiss the appeal.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; AFFIRMED.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents.
FAULKNER, Justice (dissenting).
A rule is a rule, is a rule. While I don't want to be understood to duck the merits of a case when the easy way out would be to go off on procedure, yet I think the merits should be properly presented for review. This majority opinion tosses out rule 3(b) ARAP. We may as well not have it.
Earl R. Price died testate on October 12, 1973, survived by a widow and three children, each over 21 years of age. Price did not provide for Billie Ann Price, his second wife, under the terms of his will. She dissented, claiming a widow's interest in the estate of her husband, according to the statute of descent and distribution. The Circuit Court, after removal from the Probate Court, entered a final decree on April 3, 1975, setting forth the widow's interest in the estate. This decree was agreed to by Mrs. Price, the executor, Mr. Lewis, as counsel for Mrs. Price, and counsel for the executor.
After the agreed final decree, Mr. Lewis petitioned the court for attorney's fee to be paid from the estate of Earl R. Price, and Mrs. Price petitioned the court to grant her a pro rata share of the estate's income from the date of decedent's death to the date of the agreed final decree, April 3. In separate decrees the court denied the petition of *331 each. The basis of denying the petition of Mrs. Price was that she had already agreed to her distributive share, and had released all claims against the estate. The court denied Mr. Lewis' petition on the ground that he was not entitled to an attorney's fee from the estate of Earl Price. Each decree of the trial court was dated July 22, 1975.
Mrs. Price and Mr. Lewis filed a joint appeal from the separate decrees.
Rule 3(b), Rules of Appellate Procedure, provides that two or more persons may appeal from a judgment or order if there interests are such as to make joinder practicable. Here, Mrs. Price and Mr. Lewis are attempting to appeal jointly from separate decrees. By its terms Rule 3(b) authorizes joinder in appeal if appeals are taken from the same judgment. Moore's Federal Practice, Vol. 9, 2d Ed., ¶ 203.13, p. 744. There is some authority for joint appeals from separate decrees, if the cases were consolidated for trial. St. Marie v. United States (CCA 9th 1940), 108 F.2d 876, cert. den., 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417. But, we do not have consolidated trials or hearings in this case.
Finally, our case law before the adoption of the Rules of Appellate Procedure, was to the effect that two final decrees in the same case cannot be the subject of appeal when the interested parties to each decree are not the same. See Kelly v. Deegan, 111 Ala. 152, 20 So. 378 (1895); Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509 (1916); United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622 (1931).
I would dismiss the appeal.