This appeal concerns the assessment of attorney fees in an action for sale for division of real property. It is before us pursuant to § 12-2-7(6), Code 1975.
In March 1993 Conway Lee Jernigan (uncle), Brent Sullivan Jernigan, Judith Jernigan Freeman, and Carol Jernigan Ware (nephew and nieces) inherited two parcels of property as tenants in common, with the uncle inheriting an undivided 1/2 interest in the property. The property included a 100-foot frontage on Fowl River, worth approximately $100,000, and a farm parcel containing approximately 78 acres, worth approximately $195,000.
The uncle lived next door to the riverfront parcel and across the street from the farm parcel. He used the riverfront parcel as his side yard, and he stored things on the farm parcel. The property originally belonged to his mother and father, the paternal grandparents of the nephew and the nieces.
During the spring of 1993 the nephew and the nieces informed their uncle that they wanted to put both parcels of property on the market as soon as possible. The uncle replied that he did not want to put the property on the open market because he did not want certain individuals of particular races or nationalities living near him. Furthermore, the uncle wanted to insert restrictive covenants on the sale of the property. The uncle hired an attorney to start looking into that matter. The uncle also made an offer to the nephew and the nieces on the riverfront property.
Concluding that there was to be no reasonable negotiating with the uncle, the nephew and the nieces filed a complaint, requesting a sale for division, attorney fees, and expenses, according to § 34-3-60, Code 1975.
Initially, the uncle filed a responsive pleading, admitting that neither parcel could be equitably divided or partitioned. He denied that the nephew and the nieces were entitled *Page 1171 
to attorney fees and expenses. Two months later, the uncle admitted that the farm parcel could be equitably divided, but that the riverfront parcel could not. He requested a partition of the farm property. He again denied that the nephew and the nieces were entitled to any attorney fees or expenses.
Negotiations between the parties' attorneys began. The uncle's attorney finally negotiated a price for the uncle to purchase the riverfront property. The nephew and the nieces agreed to sell the riverfront property for $45,483.75, which represented their one-half interest, less 6.7% sales commission. No real estate commission was generated in the transaction because there was no real estate agent involved. The parties agreed that the issue of attorney fees and expenses on the riverfront property would be deferred until after the sale of the farm property.
Approximately 14 months later, a private offer was made to purchase the farm property for approximately $25,000 less than the appraised value. The offer of $171,000 included a provision that approximately 12 acres were to be purchased by the uncle. The uncle filed a motion to approve the offer to purchase. The nephew and the nieces objected to the offer. They requested that the court approve their counteroffer, which offered to sell the property for $180,500, with a substantially reduced sales commission. The court entered an order, based on a settlement agreement of the parties, that the farm property would be sold at the offered price, but the nephew and the nieces would receive $85,560 from the net sales proceeds, and the uncle would receive $77,440 from the net proceeds.
Shortly before closing the sale of the farm, the attorneys for both parties filed applications for attorney fees and costs, pursuant to § 34-3-60, Code 1975.
During the hearing on the assessment of attorney fees and expenses, the attorney for the nephew and the nieces testified that he had at all times represented the common fund and that he spent 72 hours and $50 of expenses in representing the common fund, excluding any time or expenses that went directly to the benefit of his clients. He opined that a reasonable fee for representing the common fund would be $25,000, plus $1,575 for the services of a real estate appraiser, plus $50 in expenses — all to be paid from the common fund.
The uncle's attorney testified that he had spent a total of 79 hours in representing the uncle in this matter. He opined that the court should either award no attorney fees to either party and let each pay his own attorney fees and expenses, or award a fee of 10% of the sale proceeds, equally dividing the award between the attorneys. The uncle's attorney requested that he be awarded $9,200, to be assessed against the common fund.
The trial court entered an order, awarding $9,600 in attorney fees and $50 in expenses to the nephew and the nieces' attorney and $9,300 in attorney fees to the uncle's attorney. Both the attorney fees and expenses were awarded from the common fund. The nephew and the nieces were ordered to pay $1,575 for the real estate appraiser.
The nephew appeals, contending that the trial court erred in ordering the attorney fees for the uncle's attorney to be paid from the common fund. He further insists that the trial court erred in assessing the expense for the real estate appraiser against him and his sisters.
Section 34-3-60, Code 1975, allows the trial court, in its discretion, to award attorney fees from the common fund in a sale for the division of property. That section provides the following:
 "In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint or common property, or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to paid when collected as the *Page 1172 
other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."
The attorney fees authorized by § 34-3-60, Code 1975, are not limited to the plaintiff's attorney. Under certain circumstances attorney fees may be awarded to the defendant's attorney. Mann v. Mann, 451 So.2d 783 (Ala. 1984).
In Matthews v. Lytle, 220 Ala. 78, 124 So. 197 (1929), our supreme court explained how attorney fees could be paid to both attorneys:
 "To permit counsel for [defendant] to have a fee out of the estate, he must have been employed to render and did perform some service for the common benefit of all, which in due course of the proceeding other counsel had not been employed to render, or had unduly failed to perform, unless in the discretion of the court it appears that a case is presented in which more than one counsel should be employed for the common benefit. Under the statute, this is largely controlled by the discretion of the court, subject to proper review."
The nephew asserts that the trial court did not follow the mandate of § 34-3-60, Code 1975. He insists that the trial court failed to distinguish between attorney services and expenses incurred for the benefit of the common fund and attorney services and expenses incurred in presenting or preserving the individual interest of one of the joint owners. Specifically, he contends that the uncle's attorney expended the major portion of his efforts to secure the riverfront parcel and a portion of the farm parcel for the uncle at the lowest possible price. He contends that the efforts of the uncle's attorney did not inure to the benefit of all of the tenants in common.
In his testimony at the fee hearing, the attorney for the uncle failed to distinguish between his attorney services performed for the common benefit of all the tenants in common and those services strictly performed for the benefit of his individual client. From our review of the record, it appears that the representation of the uncle's attorney was, at least in part, adversarial in nature and that it inured to the benefit of fewer than all the tenants in common. Shirley v.Mazzone, 591 So.2d 469 (Ala. 1991).
We recognize that the reasonableness of an award of attorney fees is within the discretion of the trial court and that attorneys should be justly compensated for their efforts rendered for the common benefit of the parties. It appears in this case that not all the efforts of the uncle's attorney were expended for the benefit of all the parties. Therefore, the judgment of the trial court is reversed and the cause remanded for the trial court to determine what representation by the uncle's attorney in fact benefitted all the tenants in common.Shirley.
The nephew asserts that the trial court erred in ordering him and his sisters to pay the fees generated from the real estate appraiser.
The record reflects that all the parties agreed on the selection of the initial appraiser and divided the cost equally. Without consulting the uncle, the nephew hired a second appraiser to give a "second opinion" as to the value of the property. The trial court ordered the nephew and the nieces to pay the second appraiser.
The second appraiser was not hired for the benefit of all the parties. Therefore, we find no error with the trial court's finding that the fees be assessed against the nephew and the nieces.
The judgment of the trial court as it relates to attorney fees is reversed and the cause remanded for proceedings consistent with this opinion. The remainder of the judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur. *Page 1173