I concur in the main opinion. I write specially to clarify that the primary issue on appeal is the proper interpretation of §§ 35-6-40 and 35-6-58, Ala. Code 1975, the statutes that respectively govern the partition and sale for division of property by the probate courts. Section 35-6-40 states:
 "Any property, real, personal or mixed, held by joint owners or tenants in common, may be divided among them, on the written application of one or more of them to the probate court of the county in which the property is situated; and such
application may be made by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind."
(Emphasis supplied.) Section 35-6-58 states, in relevant part:
 "Any property, real or personal, held by joint owners or tenants in common, on the written application of any one or more of them, may be decreed to be sold by the probate court of the county in which such property is situated, . . . notwithstanding they, or any of them, are infants or persons of unsound mind, and the application may be made by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind."
(Emphasis supplied.) The appellees argue that the emphasized language should be interpreted to limit the jurisdiction of the probate courts to such actions brought "by the executor or administrator of a deceased person in interest, or by the guardian of a minor or person of unsound mind." The main opinion reviews previous versions of these statutes and the nineteenth century cases that apply them to determine whether the legislature intended the language to limit the jurisdiction of the probate courts as the appellees suggest.
Notably, Wilkinson v. Stuart, 74 Ala. 198, 203-04
(1883), which is cited by the main opinion and which interpreted statutes that were substantially similar to the current statutes, stated:
 "The Code confers on the judge of the Court of Probate a large jurisdiction to order the partition of property, real or personal, held jointly or in common. . . ."
and
 "the Code confers on the judge of probate jurisdiction to order a sale of the common estate,. . . . This jurisdiction . . . as to the adult tenants, . . . is exclusive." *Page 891 
(Emphasis supplied.) Wilkinson, a case in which "adult tenants" — not an executor, administrator, or guardian — made the application, does not mention the jurisdictional limitation asserted by the appellees.
Similarly, in a more recent case, Jernigan v.Jernigan, 678 So.2d 1169 (Ala.Civ.App. 1996), this court, reviewed the assessment of attorney fees by a probate court in an action in which adult plaintiffs filed a complaint seeking the sale for division of real property. No party challenged the subject-matter jurisdiction of the probate court, and this court did not raise the issue sua sponte, even though the action was not filed by an executor, administrator, or guardian.
Based on the language of §§ 35-6-40 and 35-6-58 and the fact that I can find no precedent limiting the jurisdiction of the probate courts in the manner the appellees advocate, I concur with the main opinion.